Case 5:22-cv-00042-MFU Document 21 Filed 05/13/24 Page 1 of 12 Pageid#: 113

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 13, 2024
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |
|---|---|
| ADRIANNA SHELTON, | ) |
| Plaintiff, | ) Case No. 5:22-cv-042 |
| v. | ) By:   Michael F. Urbanski<br>) Chief United States District Judge |
| CODY MARSHALL, d/b/a C&M<br>TOWING AND RECOVERY, and<br>TRADER RICKS LLC, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff Adrianna Shelton's motion for approval of attorney fees, ECF No. 19, following the court's entry of default judgment against all defendants on March 19, 2024, ECF No. 18. For the reasons provided below, the court **GRANTS** Shelton's motion, ECF No. 19, and awards Shelton a total sum of $11,607.50.

### I. BACKGROUND

Shelton initiated this action against defendants Cody Marshall d/b/a C&M Towing and Recovery ("Marshall") and Trader Ricks LLC ("Trader Ricks") for their repossession of Shelton's car at her home—over Shelton's repeated objections and despite a written agreement with Trader Ricks from just 9 days earlier establishing that Shelton was current on her car payments.[1] Neither defendant appeared in the case, and the Clerk entered default as to both

---

[1] Shelton asserted four causes of action in the complaint: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Marshall for repossessing the car over Shelton's objections, (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., against Trader Ricks for failing to provide required disclosures in the financing agreement at the time of purchase, (3) violation of the Virginia Uniform Commercial Code ("VUCC") against Trader Ricks for repossession in breach of the peace and before default (Va. Code §§ 8.9A-601, 8.9A-609(b)(2)), and for accepting collateral in full satisfaction of the debt when

1

defendants on October 5, 2022. ECF No. 11. On July 24, 2023, Shelton filed a motion for default judgment, ECF No. 13, and on November 30, 2023, the court held an in-person default judgment hearing at the federal courthouse in Harrisonburg, Virginia. On March 19, 2024, the court granted Shelton's motion for default judgment as to all claims and awarded damages in the amount of $39,423.60, plus reasonable attorney's fees and costs to be determined following additional briefing. Order & Mem. Op., ECF Nos. 17, 18. By motion filed on March 26, 2024, Shelton now seeks attorney's fees and costs in the amount of $13,022 and $117.50, respectively. Pl.'s Mot., ECF No. 19. To date, defendants have still not appeared in this matter or responded to Shelton's motion. Accordingly, Shelton's motion is ripe for resolution.

## II. DISCUSSION

As the court explained in its memorandum opinion regarding default judgment, Shelton is entitled to an award of reasonable attorney's fees and costs under both the FDCPA and TILA. See Mem. Op., ECF No. 17, at 12, 15–16 (citing 15 U.S.C. § 1692k(a) and 15 U.S.C. § 1640(a)). The Fourth Circuit has outlined a three-step process for determining proper attorney's fees. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). First, the court must calculate the "lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Id. (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009)). Next, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Id. (quoting Robinson, 560 F.3d at 244). Finally, the court

---

Shelton had paid over 60% of the purchase price (Va. Code § 8.9A-620(e)), and (4) conversion for depriving Shelton of possession of the car against both defendants.

2

"should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." Id. (quoting Robinson, 560 F.3d at 244).

## A. Lodestar Calculation

Shelton requests $13,022 in attorney's fees in this action. The fees are based on a total of 42.6 hours billed—which Shelton suggests should be discounted by 10% "in the exercise of billing discretion"—at an hourly rate of $340. Pl.'s Mot., ECF No. 20, at 3. Shelton supports this figure with declarations from her counsel—which includes an itemized timekeeping record—and from a local attorney who attests to the customary rates for federal civil litigation in the Harrisonburg, Virginia, area. See White Decl., Exh. A, ECF No. 20-1; Penrod Decl., Exh. B, ECF No. 20-2.

In determining reasonableness of the rate and number of hours, the Fourth Circuit instruct that a district court's "discretion should be guided by the following twelve factors:"

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson, 560 F.3d at 243 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)). These factors may be used to sometimes "inform" and "adjust" the calculation. McAfee, 738 F.3d at 89.

3

### 1. Reasonableness of Hourly Rate

To establish the reasonableness of the hourly rates requested, the moving party "must produce specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an award." Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987) (quoting Blum v. Stenson, 465 U.S. 886, 895–96, n.11 (1984)). The prevailing rate "may be established through affidavits reciting the fees of counsel with similar qualifications, information concerning fee awards in similar cases, and/or specific evidence of counsel's billing practice." Freeman v. Potter, No. 7:04-cv-276, 2006 WL 2631722, at *4 (W.D. Va. Sept. 13, 2006) (citing Spell, 824 F.2d at 1402).

Shelton is represented in this lawsuit by Jeremy White, a member of the Virginia bar with approximately 20 years of experience and admissions to six state and federal courts in Virginia. See White Decl., ECF No. 20-1. White focuses on consumer law and tenant's rights as part of his practice at Blue Ridge Consumer Law, PLLC, the firm that he founded in 2022 and that he continues to own and manage. Id. Prior to opening his own consumer law practice, he worked at the Virginia Legal Aid Society, Inc., first as a staff attorney in 2002, then as a Senior Attorney, and then Managing Attorney of the Lynchburg office. Id. He is a member of the National Association of Consumer Advocates and Lynchburg Bar Association, and he has presented or co-presented several trainings on various consumer law issues. Id. Despite his experience, White does not include in his declaration the rates that he typically charges in similar consumer law matters (either by charging clients directly or by a court's award of fees following a successful action).

However, Shelton, who bears the burden of establishing a reasonable hourly rate, McAfee, 738 F.3d at 91, submitted a declaration from Grant Penrod, a civil litigation attorney who has been practicing in Harrisonburg, Virginia, since 2008, to attest to the reasonableness of White's rate. Penrod Decl., Exh. B, ECF No. 20-2. Penrod testified that, in his experience, rates for an experienced attorney for federal actions in Harrisonburg, Virginia, "range from $300–$400 an hour, with most attorneys charging at the upper end of that range." Penrod Decl., Exh. B, ECF No. 20-2. He adds that the current hourly rate for partners at his own firm, including himself, is $370 per hour. Id. He further stated that he has consulted with White on several consumer law cases over the course of more than 15 years and, in his opinion, White's hourly rate of $340 is reasonable given White's 20 years of experience, his qualifications, and his expertise in the specialized area of consumer law. Id.

The court notes that several cases from this district have awarded fees for partner-level attorneys at a rate above $340. Hurd v. Cardinal Logistics Mgmt. Corp., No. 7:17-cv-319, 2019 WL 6718111, at *4 (W.D. Va. Dec. 10, 2019), aff'd, 829 F. App'x 620 (4th Cir. 2020) ($350 rate); Quesenberry v. Volvo Grp. N. Am., Inc., No. 1:09-cv-022, 2010 WL 2836201, at *8 (W.D. Va. July 20, 2010), report and recommendation adopted, 2010 WL 3521996 (W.D. Va. Sept. 3, 2010) ($400 rate); Nail v. Lincoln Mortg., LLC, No. 3:09-cv-039, 2010 WL 2292133, at *3 (W.D. Va. June 7, 2010) (reducing the attorney's requested rate of $425 per hour to $375 per hour because $375 per hour is "at the top end of the scale charged by lawyers either in the Charlottesville or Harrisonburg divisions").

However, none of the cases that Shelton cites in favor of a higher rate involve issues of consumer law. See Doe v. Alger, No. 5:15-cv-035, 2018 WL 4655749, at *4 (W.D. Va. Sept.

5

27, 2018) (public university student's due process challenge); Supinger v. Virginia, No. 6:15-CV-17, 2019 WL 1450530, at *2 (W.D. Va. Mar. 4, 2019) (due process challenge for termination of employment); Hammer v. Johnson Senior Ctr., Inc., No. 6:19-cv-27, 2021 WL 7541180, at *4 (W.D. Va. Dec. 20, 2021) (ERISA breach of fiduciary duty action); Hurd, WL 6718111, at *3 (employment law); Atkins v. Va. Dep't of Transp., Case No. 1:13-cv-057 (W.D. Va. Feb. 11, 2015) (Title VII employment discrimination).

This is important because the prevailing market rate should be assessed based on fees received in "comparable cases." Spell, 824 F.2d at 1402 (emphasis added); see Bradford v. HSBC Mortg. Corp., 859 F. Supp. 2d 783, 798 (E.D. Va. 2012) (reasoning that the appropriate market for assessing attorney's fees in a TILA action is "consumer-rights and residential-mortgage litigation"). In so doing, many cases in this district assess the reasonableness of a higher rate based on the size and complexity of the issues involved in the litigation. In Barre v. DCN Holdings, Inc., for example, the court assessed the reasonableness of hourly rates of $300 and $350 after the court entered default judgment on the plaintiff's FDCPA claims. No. 7:20-cv-416, 2022 WL 1785301, at *2 (W.D. Va. June 1, 2022). In so doing, the court noted this district has recognized that "an hourly rate of $350 is reasonable for an experienced attorney in 'large' and 'complex' civil litigation," but that the FDCPA case at hand was "neither large nor complex." Id. The court reduced the hourly rate to $250, concluding that such a rate was reasonable for a "straightforward case, particularly one that resulted in the entry of a default judgment." Id. (internal quotations omitted).

Similarly, in Bressel v. Red Robin International, Inc., the court agreed that "the prevailing hourly rates in the Western District of Virginia for complex civil matters are roughly

6

$350 for partners." No. 7:20-cv-611, 2021 WL 3215124, at *2 (W.D. Va. July 29, 2021). The court lowered the rate to $200–$250 for the attorneys' time billed, however, by distinguishing the case as a "straightforward slip-and-fall," as opposed to "a civil rights matter or complex commercial dispute" that would warrant the higher $350 rate. Id.; see also Minnix v. Sinclair Television Grp., Inc., No. 7:23-cv-091, 2024 WL 1885568, at *4 (W.D. Va. Jan. 24, 2024) (M.J. Memmer) (reducing the hourly rate to $225–$250 for experienced, partner-level attorneys because only "large, complex civil matters . . . warrant the high end of the range of hourly rates in the Western District of Virginia"), report and recommendation adopted, No. 7:23-cv-091, ECF No. 29 (W.D. Va. Mar. 4, 2024). Just last year, the court awarded attorney's fees at a rate of $300 where the plaintiff secured a default judgment against a car dealership for violating TILA. James v. Delta Motors, LLC, 672 F. Supp. 3d 155, 166 (W.D. Va. 2023). Accordingly, the court finds that the reasonable hourly rate for White's services in this case is $300.

## 2. Reasonableness of Hours

The court must also assess the reasonableness of the number of hours that Shelton's counsel expended on the lawsuit, which Shelton supports with a detailed billing timesheet from White. White Decl., Exh. A, ECF No. 20-1. White's timekeeping records appropriately specify how much time was devoted to each task, including when he performed multiple tasks on a single day. See Hernandez v. Woodstock Bar & Grill LLC, No. CV CCB-18-1582, 2022 WL 4554843, at *3 (D. Md. Sept. 29, 2022) (reducing the fee because time entries combined multiple tasks without specifying time spent on each). In fact, White drilled down on each task to such an extent that few tasks exceeded an hour. White Decl., Exh. A, ECF No. 20-1.

Further, White's descriptions on the timesheet establish the relevance and value of each task to the case. Id. ("review FDCPA repo cases," "sent message to client with updated fact section of draft of complaint," "review punitive damage awards in court decisions"). The timesheet shows that the hours were spent investigating the case, engaging in early attempts at settlement, drafting the complaint and the motion for default judgment, preparing for and attending the default judgment hearing, and communicating with Shelton regarding the facts and case strategy. Id. Though White's timesheet indicates that he spent 42.6 hours on this litigation, he suggests discounting the total by 10% in the "exercise of billing discretion," bringing the total to 38.3 hours. This total is consistent with prior attorney's fee awards in this district. See, e.g., James v. Delta Motors, LLC, 672 F. Supp. 3d 155, 166 (W.D. Va. 2023) (awarding fees for 38.9 attorney hours billed on a TILA case that resulted in default judgment). Accordingly, the court finds that Shelton has satisfied her burden of establishing the reasonableness of the number of hours billed to this litigation.

The court calculates the lodestar amount—38.3 hours multiplied by a reasonable rate of $300 per hour—as $11,490.

### B. Unsuccessful Claim Subtraction

Once the court determines the lodestar amount, it must next "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." McAfee, 738 F.3d at 88 (quoting Robinson, 560 F.3d at 244). Here, the court entered default judgment for Shelton on all four of her claims. However, Shelton is entitled to attorney's fees on only two of them: her FDCPA claim against Marshall and her TILA claim against Trader Ricks. In her motion, Shelton does not argue that her other two claims (for conversion and for violations of the VUCC) also

entitle her to attorney's fees; rather, she argues that those claims have the same "core of facts" as the FDCPA claim (as they "all stem from the unlawful repossession of her vehicle"), and therefore "do not warrant any reduction for the time spent on those claims." Mem. Supp. Pl.'s Mot., ECF No. 20, at 2.

Indeed, the Supreme Court recognizes that, in cases where a plaintiff's claims "involve a common core of facts" or are "based on related legal theories," "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). Consequently, in those cases, the district court should not view the suit as a "series of discrete claims" in assessing proper fees. Id. Instead, the court "should allow the recovery of the fees and costs incurred as a result of an attorney's attention to the litigation as a whole." Stupay v. Embassy of the Sultanate of Oman, 187 F.3d 631 (4th Cir. 1999) (unpublished); see also Abshire v. Walls, 830 F.2d 1277, 1283 (4th Cir. 1987) (concluding that certain claims were "inextricably intertwined" and thus could not be distinguished on an award of attorney's fees).

The court agrees that Shelton's conversion, VUCC, and FDCPA claims all stem from a "common core of facts"—the unlawful repossession of the car—such that it would be exceedingly difficult, if not impossible, to identify the hours expended only on the FDCPA claim (i.e., the claim for which Shelton is entitled to fees and costs). Accordingly, the court will not reduce the award of attorney's fees for the two related claims that do not entitle Shelton to attorney's fees.

9

## C. Success-Based Percentage Award

Finally, the court must analyze the "degree of success enjoyed by the plaintiff," and determine whether the entire claimed fees amount, or "some percentage" of that amount, is a reasonable award. McAfee, 738 F.3d at 88 (quoting Robinson, 560 F.3d at 244). As mentioned above, Shelton succeeded on all four claims in her complaint and secured an award on default judgment of $39,423.60, which included full recovery of the actual and statutory damages sought, along with $28,269.84 in punitive damages. Order, ECF No. 18. Further, Shelton and her counsel were saved the time and expense of fully litigating the action, given that Shelton was awarded default judgment for defendants' failure to appear. Accordingly, the court declines to make any adjustment to the lodestar calculation at this step.

## D. Costs

In her motion, Shelton also requests an award for costs, which are available under both the FDCPA and TILA, in the amount of $117.50 for "contracted paralegal drafting and research." Though courts typically allocate the time billed by paralegals under attorney's fees, see, e.g., Barre, 2022 WL 1785301, at *1 (including hourly rate for paralegal in lodestar calculation); Bressel, 2021 WL 3215124, at *2; Hernandez, 2022 WL 4554843, at *3 (same); Lee Supinger v. Virginia, No. 6:15-cv-017, 2019 WL 1461071, at *2, n.2 (W.D. Va. Apr. 2, 2019) (same); Just. v. M.N.S. & Assocs., LLC, 638 F. Supp. 3d 554, 565 (W.D.N.C. 2022) (same), the court finds that Shelton's $117.50 request for such an expense is reasonable, regardless of how it is categorized, see Larsen v. AR Res., Inc., 453 F. Supp. 3d 849, 857 (E.D. Va. 2020) (concluding that the court had discretion to allow recovery for travel expenses as a

10

cost, even though courts typically categorize them as part of the attorney's fees).[2] Accordingly, the court will award an additional $117.50 incurred by Shelton for the paralegal's time in this action.

### E. Apportionment Between Defendants

The court must now turn to the issue of how it will apportion attorney's fees and costs between the defendants. A district court "enjoys considerable latitude in deciding how it will allocate attorneys' fees" among multiple defendants. Jones v. Southpeak Interactive Corp. of Del., 777 F.3d 658, 677 (4th Cir. 2015) (finding it was not an abuse of discretion to hold the defendants jointly and severally liable for the attorney's fee award).

> Options available to a court may include: dividing the award equally among the defendants; apportioning the award according to the defendants' relative culpability; awarding fees "in the same proportions as [the] jury assessed actual damages"; or holding a single defendant liable for fees related to a claim for which that defendant was "solely or largely responsible." A court is free to combine two or more of these methods, or it may select another method entirely.

Id. (quoting Council for Periodical Distribs. Ass'ns v. Evans, 827 F.2d 1483, 1487–88 (11th Cir. 1987)). Further, joint and several liability is an option where the defendants were all involved in the misconduct at issue, the claims against the defendants are the same, and "the work that [the plaintiff's] counsel put into developing, investigating, and pursuing those claims cannot be so easily divided." Jones, 777 F.3d at 678.

---

[2] The court finds that the $117.50 expense is appropriately recoverable regardless of how it is categorized, considering that the reasonable hourly rate for a paralegal in this district is typically $150, meaning that Shelton's request for $117.50 equates to less than one hour of a paralegal's time. See Barre, 2022 WL 1785301, at *1 ($150 hourly rate for paralegal); Bressel, 2021 WL 3215124, at *2 (same).

Here, as explained above, Shelton is entitled to an award of attorney's fees and costs under both TILA and the FDCPA. Shelton secured default judgment on the TILA claim against Trader Ricks and on the FDCPA claim against Marshall, meaning that Shelton is entitled to attorney's fees and costs under one claim for each defendant. Accordingly, the court finds that the attorney's fees and costs should be split evenly between the defendants.

### III. CONCLUSION

For the foregoing reasons, Shelton's motion for attorney's fees and costs, ECF No. 19, is **GRANTED**. The court will award a total amount to Shelton of $11,490 for reasonable attorney's fees and $117.50 for costs, to be divided equally between the defendants.

An appropriate order will be entered.

Entered: May 13, 2024

Michael F. Urbanski
Chief United States District Judge